# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                              Miscellaneous Proceeding 05-102-WRS

DOYLE H. PIERCE and
J. HAROLD PIERCE,

      Plaintiffs

   v.                                              United States District Court
                                                   Case No. 03-A-217-N

FIRST COMMERCE LEASING
CORPORATION, et al.,

      Defendants

## REPORT AND RECOMMENDATION

This Civil Action was referred to the undersigned by the District Court by its Order of May 13, 2003.

This Civil Action was set for a telephonic conference on September 22, 2005, at 1:30 p.m. Defendants First Commerce Leasing Corp., Bancpartners Leasing, Inc., and J. Warren Hawkins were present by counsel Tracy Reynolds Davis and Jeffrey D. Graveline. Defendant Equifax Credit Information Services was present by counsel Amy Greenstein. No appearance was made for the Plaintiffs. For the reasons set forth below, the undersigned recommends that this civil action be DISMISSED for want of prosecution.

PURSUANT TO RULE 9033, FED. R. BANKR. P., A PARTY MAY FILE OBJECTIONS WITHIN 10 DAYS OF THE DATE OF THIS REPORT AND RECOMMENDATION. ANY OTHER PARTY MAY RESPOND WITHIN 10 DAYS OF SERVICE OF THE OBJECTION.

# I. FACTS

The Plaintiffs commenced a civil action in the Circuit Court for Chilton County seeking damages for what they allege was an abuse of process. The Plaintiffs had previously been named as respondents in involuntary bankruptcy proceedings which had been initiated in this Court in 2001.[1] On February 25, 2003, the Defendants removed this civil action from the Circuit Court of Chilton County to this Court. The Plaintiffs promptly moved to remand this civil action to Chilton County. On August 4, 2003, the undersigned filed a Report and Recommendation to the effect that the motion to remand should be denied. The District Court found that the Plaintiffs' federal remedy here, pursuant to 11 U.S.C. § 303, preempts any remedies under state law for abuse of process. The District Court handed down a Memorandum Opinion on February 9, 2004, setting forth the Court's views in detail.

The Plaintiffs timely requested leave to take an interlocutory appeal, which was granted by this Court's Order of March 9, 2004. On June 16, 2004, the Eleventh Circuit remanded this proceeding, asking that the District Court reconsider its March 9, 2004 Order. On December 20, 2004, the District Court again certified this civil action for an interlocutory appeal. Based upon a review of the District Court's record, it does not appear that the Plaintiffs took any further action to perfect their interlocutory appeal subsequent to the District Court's December 20, 2004, Order.

On August 12, 2005, the undersigned entered an Order scheduling this matter for a telephonic conference to be held on August 18, 2005, at 1:30 p.m. The Bankruptcy Court

---

[1] There were three involuntary petitions in bankruptcy filed on March 19, 2001: Doyle Pierce, Case No. 01-1775; J. Harold Pierce 01-1776; and Shelby Readi-Mix, Inc., Case No. 01-1777. All three of these involuntary petitions in bankruptcy were filed in this Court.

2

initiated a telephonic conference on August 18, 2005, at 1:30 p.m., as scheduled and counsel for the Defendants were available. The offices of Smith & Alspaugh were telephoned, but none of the counsel of record were available. The undersigned announced that another telephonic hearing would be scheduled. Shortly after the telephonic conference was terminated, someone from Smith & Alspaugh telephoned and explained that the notice had just been received that day. The Court notes that the hearing was scheduled only six days in advance of the hearing, but that all counsel for the Defendants had received notice.

On September 8, 2005, the Bankruptcy Court entered an Order scheduling another telephonic conference for September 22, 2005, at 1:30 p.m. As recited above all Defendants were represented by counsel, but no appearance was made for the Plaintiffs. The undersigned inquired of chambers' staff and verified that counsel for the Plaintiff had been sent a copy of the September 8 Order. At approximately 4:00 p.m. on September 22, 2005, Nicole Leah Judge telephoned chambers and inquired as to the status of the 1:30 p.m. hearing.

## II. LAW

A District Court may dismiss a civil action as a sanction for a lawyer's failure to appear at a pretrial conference. Link v. Wabash Railroad Company, 370 U.S. 626, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962). Dismissal is admittedly a strong sanction, however, considering the history of this case, it is appropriate here. First, the Plaintiffs moved to take an interlocutory appeal, but failed to perfect the appeal. It does not appear from the record that Plaintiffs took any action to advise the District Court that they had abandoned their plans to prosecute an interlocutory appeal, rather it appears that they merely left the matter pending, increasing the inconvenience and delay

3

to the Court and the Defendants.  Second, the Plaintiffs failed to appear for the August 18, 2005

telephonic conference.  Admittedly, notice was somewhat short and no action was taken.

Counsel for the Plaintiffs did not apologize for their failure to appear at the August 18, 2005

conference.[2]  Third, the Plaintiffs failed to appear for the September 22, 2005 telephonic

conference.  While dismissal is a serious sanction, counsel for the Plaintiffs have shown a total

disregard for the Court and for opposing parties.  While the Plaintiffs have brought suit for what

they claim is an abuse of process, ironically, it is the Plaintiffs who have abused the Court's

process here, causing the inconvenience and delay to both the Defendants and the Court.  It

should be noted that it is not a single incident which has resulted in this Recommendation but a

pattern of conduct.  For these reasons, I recommend that this civil action be DISMISSED, WITH

PREJUDICE.

Done this 26th day of September, 2005.


/s/ William R. Sawyer
United States Bankruptcy Judge

c: Nicole Leah Judge, Esq.
   William R. Hill Jr., Esq.
   Roger Lee Bates, Esq.
   Bradley J. Miller, Esq.
   David R. Pruet III, Esq.
   William Henry King III, Esq.
   James S. Witcher III, Esq.
   Jeffrey D. Graveline, Esq.

---

[2] A secretary at Smith & Alspaugh telephoned the Judicial Assistant for the undersigned and apologized.  In the view of the undersigned, when counsel fails to appear for a court proceeding, an apology should come directly from the offending lawyer.

4