# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                 Misc. Pro. No. 05-102-WRS

DOYLE H. PIERCE,

       Plaintiff

                                United States District Court

v.                                 Case No. 03-A-217-N

FIRST COMMERCE LEASING
CORPORATION, et al.,

       Defendants

## MEMORANDUM DECISION

This civil action has been referred to the undersigned pursuant to the District Court's Order of referral dated August 11, 2005. For the reasons set forth below, the undersigned orders the law firm of Smith & Alspaugh, PC, to pay attorneys' fees to Hand Arendall, LLC, counsel for Defendants BancPartners Leasing, Inc., and J. Warren Hawkins, the sum of $5,035.06.[1]

## I. FACTS

This civil action was commenced in the Circuit Court for Chilton County and removed to the District Court on February 25, 2003. The original complaint was cast in terms of a claim for abuse of process under Alabama law. The cause of action arose out of the filing of three involuntary petitions in bankruptcy which had been filed against the Plaintiffs in this district.

---

[1] As this is not a dispositive order, the undersigned is of the view that he has jurisdiction to make such an order, rather than to make a Report and Recommendation to the District Judge. If Plaintiffs' counsel seeks immediate review of this order in the District Court, they should do so promptly.

The three petitions in question were filed on March 19, 2001.[2] All three involuntary petitions were dismissed upon the motions of the petitioners. The Bankruptcy Court's records indicate that none of the three respondents answered or appeared in Bankruptcy Court.

The Plaintiffs promptly moved to remand this civil action to Chilton County. (Dist Ct. 03-217, Doc. 3). The District Court denied the motion to remand, finding that this civil action was in substance a suit for damages pursuant to 11 U.S.C. § 303(i), notwithstanding the fact that it was cast in terms of a State law cause of action. (Dist. Ct. 03-217, Doc. 19).

On February 29, 2004, the Plaintiffs sought leave to take an interlocutory appeal to the United States Court of Appeals for the Eleventh Circuit (Dist. Ct. 03-217, Doc. 22), contending that theirs was a State law cause of action, which was not preempted by the Bankruptcy Code and for that reason, the District Court lacks subject matter jurisdiction. The Plaintiffs failed to perfect their interlocutory appeal and as a result, this civil action languished for some time.

On August 11, 2005, the undersigned entered an order setting a telephonic status conference for August 18, 2005.[3] The Court's record indicates that the August 11 Order was not docketed until August 12. (Doc. 2). While the period of time was short, it was the intention of the undersigned to determine whether there was in fact still a live controversy here and, if so, get the matter moving. As the hearing would not require counsel to travel to appear in Court or to invest a great deal of time in preparation, it was hoped by the undersigned that it would be

---

[2] The respondents and case numbers were as follows: (1) Case No. 01-1775, Doyle H. Pierce; (2) Case No. 01-1776, J. Harold Pierce; and (3) Case No. 01-1777, Shelby Redi-Mix.

[3] At the time the status conference was scheduled, this Court was not aware of the posture of this case. That is, it was unknown whether the matter had been settled, the Plaintiffs had abandoned their civil action, or some other fate had befallen the sidetracked litigation.

possible to make some progress. On August 18, 2005, the undersigned called the matter for status. Counsel for the Defendants were available and ready while counsel for the Plaintiffs were not. Counsel for the Defendants reported that they had received notice of the hearing and further reported that they had not heard from counsel for the Plaintiffs.

On September 8, 2005, the undersigned entered another order, setting another status conference for September 22, 2005. (Doc. 4). Again, Plaintiffs' counsel failed to appear. On September 26, 2005, the undersigned entered a Report and Recommendation to the effect that this civil action be dismissed, with prejudice, for the Plaintiffs' counsel failure to make themselves available for telephonic conferences on August 18 and September 22, 2005. (Doc. 8).

On September 28, 2005, the Plaintiffs filed an objection to the September 26 Report and Recommendation. (Doc. 10). The Plaintiffs had not, as of this time, apologized for either failure to appear. Rather, they attached the affidavit of Kristi D. Ivy which swears that: (1) she received all of the incoming telephone calls to the firm of Smith & Alspaugh between the hours of 1:00 pm. and 2:00 p.m. on the date of the telephonic hearing; and (2) that no telephone call had been received from the Court. The Courtroom Deputy Clerk for the undersigned states that he made such a call, that he spoke with an unidentified female who advised that both Ms. Judge and Mr. Smith were not in the office. Moreover, the Courtroom Deputy was within earshot of the undersigned when the telephone call was made. The claim of Plaintiffs' counsel that the Court did not contact them for the September 22, 2005, hearing is rejected. As the undersigned could not get counsel for the Plaintiffs to respond in any meaningful way, a Report and Recommendation was entered, which concluded that the District Court should dismiss this civil

3

action for want of prosecution. (Doc. 8).

The Plaintiffs filed a timely objection and on November 10, 2005, the undersigned conducted a hearing. (Docs. 11, 15). At the hearing, counsel for the Plaintiffs apologized and accepted responsibility for the failure to appear at the two conferences. Moreover, counsel for the Plaintiffs have pledged to prosecute their claim in good faith from this point forward.

While the undersigned is of the view that the District Court would be well within its discretion to dismiss this civil action, with prejudice, the undersigned now withdraws his recommendation and in place will enter an order sanctioning counsel for the Plaintiffs and award attorney's fees to the Defendants. The undersigned does not have any opinion, as of this time, whether the Plaintiffs' underlying claims against the Defendants have merit. It is preferable to dispose of cases on their merits, whenever possible, rather than on procedural defaults. The undersigned is of the view that the better course here is to let the case go forward, but require counsel for the Plaintiffs pay attorney's fees for the delay caused by their actions or inaction. To that end, the Court gave counsel for the Defendants the opportunity to file a request for attorney's fee. (Doc. 17). Counsel for Defendants BancPartners Leasing, Inc. and J.Warren Hawkins have done so, seeking attorney's fees in the amount of $5,035.06. (Doc. 23). Plaintiffs' counsel have filed a response. (Doc. 27).

The undersigned is familiar with these proceedings and has reviewed the filings of both counsel carefully and conclude that the request of counsel for the Defendants is reasonable and should be granted. This civil action has been pending for three years in this Court. The Plaintiffs seek $2.5 million in actual damages and $10 million in punitive damages. Given the amount at stake and the period of time this civil action has already been pending, the $5,035.06

4

Case 05-00102   Doc 29   Filed 01/30/06   Entered 01/30/06 15:42:10   Desc Main
Document      Page 4 of 5

requested does not appear to be unreasonable in any way. The attorney's fees requested by the Defendants are carefully itemized and appear reasonable in all respects. For these reasons, the Court will enter an order that counsel for the Plaintiffs be ordered to pay counsel for Defendant BancPartners Leasing, Inc., and J. Warren Hawkins, the sum of $5,035.06. A separate order to that effect will be entered. In addition, the Report and Recommendation entered September 26, 2005, is WITHDRAWN.

Done this 30th day of January, 2006.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Nicole Leach Judge
   William R. Hill Jr.
   Roger Lee Bates
   Bradley J. Miller
   David R. Pruet III
   William Henry King III
   James S. Witcher III
   Jeffrey D. Graveline
   Tracey Reynolds Davis
   J. Warren Hawkins
   Amy Greenstein