## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re

DOYLE H. PIERCE and                                  Misc. Proceeding 05-102
J. HAROLD PIERCE,

      Plaintiffs,

v.

                              United States District Court

FIRST COMMERCIAL LEASING CORP.,                      Case No. 03-A-217-N
BANCPARTNERS LEASING, INC., and
J. WARREN HAWKINS,

      Defendants.


## REPORT AND RECOMMENDATION OF UNITED STATES
## BANKRUPTCY JUDGE WILLIAM R. SAWYER

This Report and Recommendation is made by the undersigned pursuant to the District

Court's Order of May 13, 2003. Presently before the Court are two motions for summary

judgment. Defendants BancPartners Leasing, Inc., and J. Warren Hawkings (collectively referred

to as "Banc") filed a motion for summary judgment on July 18, 2006. (Doc. 56). Defendant

Equifax Information Services, LLC, filed its motion for summary judgment on July 31, 2006.

(Doc. 58). For the reasons set forth below, the undersigned recommends that both motions be

granted and that the Plaintiffs' complaint be dismissed with prejudice.

## I.  PROCEDURAL HISTORY

On March 19, 2001, the predecessor in interest of Defendant BancPartners Leasing, Inc.,

filed three related involuntary petitions in bankruptcy against Plaintiffs Doyle H. Pierce, J.

Harold Pierce, and their corporation Shelby Redi-Mix, Inc. These were issued Case Nos. 01-

1775, 01-1776, and 01-1777 respectively. When no further action was taken subsequent to the

filing of the petitions, the Bankruptcy Court issued show cause orders to the petitioner to show cause why the petitions should not be dismissed. On June 1, 2001, Banc filed a response to the Court's show cause orders stating that it had resolved its differences with the Plaintiffs and no longer wished to proceed with any of the cases. The Bankruptcy Court's docket does not indicate that the Plaintiffs were served, and the Plaintiffs did not file an appearance or answer in the Bankruptcy Court. On June 12, 2001, the Bankruptcy Court dismissed all three petitions.

In January of 2003, the Plaintiffs filed a civil action in the Circuit Court for Chilton County, Alabama. The original complaint is cast in terms of state law causes of action, such as abuse of process and malicious prosecution. The Defendants removed the civil action from Chilton County to the District Court for the Middle District of Alabama, and the Plaintiffs promptly moved to remand. On August 4, 2003, the undersigned filed a Report and Recommendation that the motion to remand be denied. Most significantly, the Recommendation concluded that the Plaintiffs' state law claims were preempted by 11 U.S.C. § 303(i) of the Bankruptcy Code. On February 9, 2004, the District Court filed a Memorandum Opinion and Order likewise concluding that the Plaintiffs' state law claims had been preempted and denied the motion to remand.

The Plaintiffs took an interlocutory appeal to the United States Court of Appeals for the Eleventh Circuit but later abandoned the appeal. At this time, the District Court's conclusion–that § 303(i) preempted the Plaintiffs' state law claims–has not been reviewed. While the Plaintiffs may ask the District Court to revisit this ruling, the undersigned stands by his Report and Recommendation of August 4, 2003. The undersigned believes that it is well

established that state law claims such as these brought against Banc here are preempted by §
303(i) of the Bankruptcy Code.

In this Report and Recommendation, the undersigned will address two issues. First, the
undersigned posits that a claim under § 303(i) is not an independent cause of action. Second, the
undersigned is of the view that the Plaintiffs may not maintain their claim against Equifax under
the Fair Credit Reporting Act[1] as they can prove no damages.

## II. SUMMARY JUDGMENT STANDARD

"When a party moves for summary judgment, the court construes the evidence and makes
factual inferences in the light most favorable to the nonmoving party." Thomas v. Gulf Coast
Credit Servs., Inc., 214 F.Supp.2d 1228, 1231 (M.D. Ala. 2002) (DeMent, J.). The court does
not "weigh the evidence to determine the truth of the matter, but solely determines whether there
is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). The
initial burden is on the moving party to prove that there are no material facts in dispute. Celotex
Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden then shifts to the nonmoving party to
establish that there are material facts in dispute. Matsushita Elec. Indus. Corp. v. Zenith Radio
Corp., 475 U.S. 574, 586 (1986). "A dispute about a material fact is genuine if a reasonable jury
could return a verdict for the nonmoving party, based on the applicable law in relation to the
evidence presented." Thomas, 214 F.Supp.2d at 1231.

---

[1] See 16 U.S.C. § 1681 et seq.

### III.  SECTION 303(i) LIABILITY

#### A.  The nature of section 303(i) liability

The undersigned is of the view that liability under § 303(i) may only be brought in the context of the involuntary bankruptcy proceeding and not, as has been done here, by way of an independent cause of action.  This conclusion is based on two notions: (1) the text of § 303(i) indicates that liability should be imposed at the time of dismissal of the involuntary petition; and (2) reported case law suggests that there is no independent cause of action to impose liability.

Section 303(i) of the Bankruptcy Code provides as follows:

> If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment–
>
> > (1) against the petitioners and in favor of the debtor for–
> >
> > > (A) costs; or
> > > (B) a reasonable attorney's fee;
> >
> > (2) against any petitioner that file the petition in bad faith, for–
> >
> > > (A) any damages proximately cause by such filing; or
> > > (B) punitive damages.

11 U.S.C. § 303(i).

Section 303(i) speaks in terms of a "judgment under this subsection."  A prerequisite is a dismissal "under this section other than on consent of all petitioners and the debtor."  <u>Id.</u>  This language suggests that costs, attorney's fees, and damages are all awarded in conjunction with the dismissal of the involuntary petition.  It makes sense that the court which dismissed the involuntary petition should also be the court to determine whether the petition was filed in bad

-4-

faith. Conversely, it would be illogical for a Bankruptcy Court to dismiss a petition and then permit the respondent to go to a different court to determine whether the involuntary bankruptcy petition was filed in bad faith.

Further support for the proposition that § 303(i) is not an independent cause of action can be found in the structure of § 303(i). Upon the dismissal of an involuntary petition, the Bankruptcy Court is given discretion to award attorney's fees to the respondent. § 303(i)(1). "[A]ny petitioning creditor in an involuntary case should expect to pay the debtor's attorney's fees and costs if the petition is dismissed." Higgins v. Vortex Fishing Sys., Inc., 379 F.3d 701, 707 (9th Cir. 2004). Therefore, § 303(i) abrogates the "American rule," where each party pays its own attorney's fees, and permits the Bankruptcy Court to award attorney's fees upon dismissal. Cf. 28 U.S.C. § 1920 (stating that attorney's fees are not an enumerated item of costs to be awarded to the prevailing party).

Once the Bankruptcy Court decides to award costs and attorney's fees, the Court must next consider whether the petition was filed in bad faith. If so, the Bankruptcy Court is provided further discretion to consider an award of actual and punitive damages. § 303(i)(2). This structure suggests that the Bankruptcy Court is to consider an array of possibilities, beginning with an award of costs and attorney's fees and, if bad faith is found, actual and punitive damages. Thus, upon dismissal of an involuntary petition, the Bankruptcy Court is to make a determination as to which sanctions on a continuum, from a simple award of costs at one end to an award of punitive damages at the other, are appropriate. This determination is necessarily fact driven; therefore, the Bankruptcy Court that decides the involuntary petition is in the best position to make the determination. To permit an independent cause of action would necessarily divide the

-5-

responsibility of determining an award between the Bankruptcy Judge, who would make the § 303(i)(1) determination, and another judge in another court at another time, who would make the § 303(i)(2) determination. The undersigned concludes that such a cumbersome procedure was not contemplated by the statute.

A District Court in Pennsylvania, which was confronted with a case similar to the case at bar, held that "(a)fter reviewing the multiple subsections of § 303 and numerous cases imposing sanctions pursuant to § 303(i), I find that there is no independent cause of action under § 303(i), and that [the Plaintiff] must make its § 303(i) request in connection with the underlying proceeding in the bankruptcy court." Raymark Indus., Inc., v. Baron, 1997 WL 359333 (E.D. Pa. 1997). See also Glannon v. Garrett & Assocs., Inc., 261 B.R. 259, 267 (D. Kan. 2001) (stating in dictum that "[s]ection 303(i) is not an independent cause of action"). The undersigned finds the reasoning of the District Court in Raymark to be persuasive. Raymark is the only case the undersigned could find which addressed the question of whether § 303(i) provided an independent cause of action.

Numerous reported cases indicate that § 303(i) costs and damages are routinely awarded on a motion filed in the Bankruptcy Court prior to dismissal. Eg, Adell v. John Richards Home Bldg. Co. (In re John Richard Homes Bldg. Co.), 439 F.3d 248, 253 (6th Cir. 2006); Alexander v. Waddey & Patterson, P.C., 2004 WL 2452544, at *2 (6th Cir. Oct. 28, 2004); Mardeusz v. Magers (In re Magers), 2003 WL 22383546 at *1 (9th Cir. Oct. 24, 2003); Lubow Mach. Co. v. Bayshore Wire Prods. Corp. (In re Bayshore Wire Prods. Corp.), 209 F.3d 100, 103 (2d Cir. 2000); R. Eric Peterson Constr. Co. v. Quinteck, Inc. (In re R. Eric Peterson Constr. Co.), 954 F.2d 1175, 1178 (10th Cir. 1991); In re Scrap Metal Buyers of Tampa, Inc., 254 B.R. 103, 107

-6-

(M.D. Fla. 2000); In re Allied Riser Commc'ns Corp., 283 B.R. 420, 422 (Bankr. N.D. Tex. 2002); In re Paczesny, 282 B.R. 656, 647 (Bankr. N.D. Ill. 2002); In re Cannon Express Corp., 280 B.R. 450, 452 (Bankr. W.D. Ark. 2002); In re Cadillac by LeLorean & DeLorean Cadillac, Inc., 265 B.R. 574, 579 (Bankr. N.D. Ohio 2001); In re Jett, 206 B.R. 407, 408 (Bankr. E.D. Va. 1997); In re Ed Jansen's Patio, Inc., 183 B.R. 643, 644 (Bankr. M.D. Fla. 1995); Sjostedt v. Salmon (In re Salmon), 128 B.R. 313, 314 (Bankr. N.D. Ala. 1991); In re Int'l Mobile Advers. Corp., 117 B.R. 154, 155 (Bankr. E.D. Pa. 1990).  In two reported cases, motions were filed after dismissal, but the opinions are silent as to how long after.  See Higgins, 379 F.3d at 705 (requesting § 303(i) damages after the bankruptcy court's dismissal of the involuntary petition was affirmed on appeal).  See also In re Mundo Custom Homes, Inc., 179 B.R. 566, 568 (Bankr. N.D. Ill. 1995) (requesting § 303(i) damages eleven days after the involuntary petition was dismissed).

Admittedly, Raymark is the only case which holds that § 303(i) does not create an independent cause of action.  However, the undersigned could not find any cases which stated the contrary.  There is a wealth of reported case law, some of which is cited above, which deals with the imposition of liability under § 303(i).  In all of the researched case law, § 303(i) damages were awarded in the context of the dismissal of the involuntary petition in Bankruptcy Court. As there is a great deal of case law in which damages were awarded in the context of the involuntary petition and no cases which involve liability imposed in the context of a separate civil action, further support for the proposition that § 303(i) does not create an independent cause of action is lent.

The undersigned recommends that the Plaintiffs' claims against Banc be dismissed,

because there is no independent cause of action which may be brought against one who files an involuntary petition in bankruptcy in bad faith. The exclusive remedy is provided in § 303(i). Moreover, liability under § 303(i) may only be imposed in connection with the dismissal of the involuntary petition.

## IV. FAIR CREDIT REPORTING ACT

Defendant Equifax Information Services, LLC, moves for summary judgment in its favor, contending that the Plaintiffs have not submitted any proof that they were damaged by the credit report. (Doc. 58). As there is a total failure of proof on the question of whether the Plaintiffs were damaged as a result of the inaccurate credit report, the undersigned is of the view that the claim against Equifax should be dismissed.

The determination of this issue is controlled by a decision handed down by the United States Court of Appeals for the Eleventh Circuit in 1991. See Cahlin v. Gen. Motors Acceptance Corp., 936 F.2d 1151 (11th Cir. 1991). The Eleventh Circuit held that where, as here, a plaintiff has made no showing that he was damaged by a credit report, summary judgment is appropriate. Id. at 1160-61.

The Plaintiffs submit an Affidavit executed by Doyle Pierce in support of their claim that they have in fact suffered damages. Only two paragraphs of the affidavit concern damages:

> 9. In May, 2001, Colonial Bank called in a line of credit they had offered myself and Harold Pierce, because our credit reports indicated that we had filed for bankruptcy.
>
> * * *
>
> 11. This was the last I heard of the matter involving my credit report until, in May, 2002, an employee of Peachtree Bank in Clanton, Alabama asked me if I had ever filed for bankruptcy. At

Case 05-00102   Doc 65   Filed 10/24/06   Entered 10/24/06 15:34:42   Desc Main
Document    Page 8 of 10

> this point, I knew that the credit report had not been corrected.
> Because of the inaccurate credit report, Peachtree denied my
> application for a $245,000 loan.

(Doc. 60, Plaintiffs' Ex. 3)

This evidentiary showing is inadequate, because it is based solely on hearsay testimony. See FED. R. EVID. 801 (defining hearsay as a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"). Harold Pierce has no way of knowing why the Colonial credit line had been called or why he had been denied a loan by Peachtree Bank, unless he had been told by someone from each bank. In Paragraph 11 of the Affidavit, Doyle Pierce makes reference to an unnamed employee of Peachtree Bank. In Paragraph 9, he does not state how he has knowledge of the facts asserted. As both statements are hearsay, they cannot be used to support a claim for damages. See FED. R. CIV. P. 56(e) (stating that "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein"); see also FED. R. EVID. 802 (stating that hearsay is inadmissible evidence).

The Plaintiffs have submitted a copy of a letter dated May 4, 2001, from Colonial Bank to Doyle Pierce. (Doc. 60, Plaintiffs' Ex. 1). The gist of the letter is that Colonial is acknowledging instructions from Doyle Pierce to apply a certificate of deposit to an outstanding loan. This letter in no way supports a claim that the credit line was withdrawn due to an erroneous credit report. Indeed, the letter mentions nothing about either a credit report or a bankruptcy filing. As this is the only admissible evidence that Plaintiffs have offered in support of their claim, and because this evidence does not, in any way, support their claim, the claim

against Equifax should be dismissed.

## V.  CONCLUSION

There are two motions for summary judgment before the Court.  Because they are based upon separate grounds, they should be considered separately.  First, the undersigns recommends that the Plaintiffs' claims against Banc be dismissed, because the law does not provide for an independent cause of action for damages in conjunction with an involuntary petition in Bankruptcy Court.  Second, the claim against Equifax under the Fair Credit Reporting Act should be dismissed, because there is no admissible evidence which would support a claim for damages.  The affidavit of Doyle Pierce, which is the only evidence which even remotely addresses this point, is inadmissible hearsay.  As the Plaintiffs have produced no evidence of damages, there is no viable cause of action.  For these reasons, the undersigned recommends that both motions for summary judgment be granted and this civil action be dismissed with prejudice.

Done this the 24th day of October, 2006.


/s/ William R. Sawyer
United States Bankruptcy Judge